**[NOT FOR PUBLICATION - NOT TO BE CITED AS PRECEDENT]**

# United States Court of Appeals
## For the First Circuit

---

No. 00-2520

KENNETH L. BRAYMAN, KERRIE BRAYMAN,
Individually and as PPA for JONATHAN BRAYMAN,
JACQUELINE BRAYMAN, LAWRENCE BRAYMAN, and MADELINE BRAYMAN,

Plaintiffs, Appellees,

v.

99 WEST, INC.,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Marianne B. Bowler, U.S. Magistrate Judge]

---

Before

Boudin, Chief Judge,

Torruella and Selya, Circuit Judges.

---

James L. Frederick with whom Frederick & Associates was on brief for appellant.
Robert C. Zaffrann with whom Robert V. Costello and Schneider Reilly LLP were on brief for appellees.

January 10, 2002

Per Curiam.  This is an appeal from a jury verdict awarding the plaintiff, Dr. Kenneth Brayman, $25,000 in damages for an injury to his throat sustained when he began to swallow and was injured by a piece of glass in food served to him at 99 West's restaurant.  99 West raises two issues on appeal, both of which require little discussion.

99 West first claims that the trial court abused its discretion by allowing Dr. Brayman to give expert testimony (on his own behalf) opining that the throat injury he sustained at the restaurant later caused deep vein thrombosis (DVT) and a pulmonary embolism.  This claim of error is moot because the jury's special verdict specifically rejected Dr. Brayman's testimony as to causation of the DVT and embolism and awarded no damages for those injuries.  Since the jury ruled in favor of 99 West on that claim, the challenged expert testimony had no adverse effect and the suggestion that it prejudiced 99 West is without foundation.

99 West next alleges that the trial court abused its discretion in denying 99 West's motion for a remittitur on the ground that the $25,000 damage award was excessive.  The denial

was not error.  The piece of glass caused Dr. Brayman to suffer a laceration to his soft palate and puncture wound in his tonsil.  Dr. Brayman testified to the pain and suffering caused by this injury.  Furthermore, his pain and suffering were not limited to the time of the initial injury; the wound became infected and caused continuing pain nearly two months later.  In fact, a CT scan taken seven weeks after the incident still showed that pieces of glass were embedded in Brayman's tonsillar region.

Affirmed.